UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES COLTRAIN, | Case No.: 2:11-cv-00763-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#18) |
| G4S SECURE SOLUTIONS (USA), INC., a Texas Corporation, BONANZA GIFT SHOPS AND GENERAL STORE, a Nevada Corporation, and DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Before the Court is Defendants G4S Secure Solutions (USA), Inc. ("G4S") and BMorris, Inc.'s (improperly named as Bonanza Gift Shops and General Store) ("Bonanza") **Motion to Dismiss** (#18, filed Jan. 26, 2012) based on a failure to state a claim. The Court has also considered Plaintiff James Coltrain's Opposition (#19, filed Feb. 20), and Defendants' Reply (#20, filed Mar. 2).

**BACKGROUND**

This is a employment discrimination case. Coltrain alleges the following facts. Coltrain was a security guard who worked for G4S, which does business in Nevada as Wackenhut

1

1  Nevada G4S. Coltrain was assigned as a guard at Bonanza's store. On February 17, 2009,
2  Coltrain wrote a complaint to G4S that a Bonanza employee sexually harassed him at Bonanza.
3  That same day, a G4S manager came to Bonanza, suspended Coltrain, and verbally and physically
4  threatened him. G4S fired Coltrain on February 23.

5        Coltrain received right to sue letters from the Equal Employment Opportunity
6  Commission and filed suit against G4S and Bonanza on May 12, 2011. In his first amended
7  complaint, Coltrain alleges: (1) discrimination and retaliation under 42 U.S.C. § 2000e (Title VII);
8  (2) discrimination and retaliation under NRS 613.330; (3) negligent infliction of emotional
9  distress; and (4) negligent hiring, retention, or supervision. Defendants now move to dismiss all
10 claims. For the reasons discussed below, the Court grants the motion in part and denies the motion
11 in part.

## DISCUSSION

### I.  Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## II. Analysis

### A. NIED and Negligent Hiring Claims

Coltrain conceded the dismissal of his NIED and negligent hiring, retention, and supervision claims.  Thus, the Court dismisses these claims without further discussion.

### B. Employment Status

Bonanza argues that Coltrain's complaint should be dismissed against it as he has failed to allege that Boanza is his employer or joint employer under Title VII or Nevada's analogous state statutes.  Courts in the Ninth Circuit apply an economic reality test in determining whether a defendant is a joint employer and look to various, non-exclusive factors in making this determination. *See, e.g.*, *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985); *EEOC v. Pac. Mar. Ass'n*, 351 F.3d 1270, 1275-76 (9th Cir. 2003).  Considering the economic reality of a security guard stationed at a particular location/business, the Court concludes that Coltrain has provided sufficient allegations that Bonanza was his joint employer.  It is plausible from his complaint that Bonanza supervised Coltrain, could discipline him (by requesting that he be transferred), controlled the manner of his work, and fully supervised, monitored, and controlled his work site. *See Bonnette*, 704 F.2d at 1470.  The Court, therefore,

AO 72
(Rev. 8/82)

1  will not dismiss Bonanza at this stage, though it may be appropriate to do so after further factual
2  development at the summary judgment stage.

3      **B.**    **Discrimination**

4          Coltrain alleges sex discrimination, or more accurately a hostile work environment,
5  based on an isolated incident. To establish a prima facie hostile work environment claim based on
6  sex discrimination, a plaintiff must show: (1) physical or verbal conduct of a sexual nature; (2) that
7  the conduct was unwelcome; and (3) the conduct was "so severe or pervasive as to alter the
8  conditions of the victim's employment and create an abusive working environment." *Clark Cnty.*
9  *Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (internal quotations and alterations omitted);
10  *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003).

11          Coltrain alleges that on February 17, 2009, a female Bonanza employee subjected
12  him to "uninvited and offensive gestures." (Dkt. #17, Compl. 3:12-13.) This is the extent of
13  Coltrain's allegations in his complaint. Coltrain attempts to bolster these allegations in his
14  opposition by attaching his incident report. This exhibit states that the employee stared at
15  Coltrain, looked him up and down repeatedly, and applied lipstick in a suggestive manner. (Dkt.
16  #19, Opp. Ex. 2.). Even if the Court were to grant Coltrain leave to amend and add these
17  additional allegations (as an opposition cannot add allegations to a complaint), they would be
18  insufficient to state a discrimination claim. This event was simply not sufficiently severe or
19  pervasive to alter Coltrain's terms of employment or create an abusive work environment. Thus,
20  the Court dismisses Coltrain's state and federal discrimination claims.

21      **C.**    **Retaliation**

22          To properly state a retaliation claim, a plaintiff must allege: (1) that plaintiff had
23  engaged in a protected activity, (2) that plaintiff suffered an adverse employment decision, and (3)
24  that there was a causal link between the activity and the employment decision. *See Trent v. Valley*
25  *Elec. Ass'n*, 41 F.3d 524, 526 (9th Cir. 1994). Defendants do not specifically address Coltrain's
26  retaliation claim, but rather seem to hope that it would fall along with the discrimination claim.

This is not necessarily the case. While a retaliation claim may fail along with a discrimination claim, that happens where the plaintiff did not have a reasonable belief that the complained of activity was unlawful. *See id.*, at 526-27; *see also Breeden*, at 270-71. As long as a plaintiff reasonable believed that the complained of activity was unlawful, reporting it is a protected activity. *Id.* Here, Coltrain reported activity he believed to be unlawful and was suspended *within hours*. He was then fired less than a week later. Thus, Coltrain has adequately plead a retaliation claim.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#18) is GRANTED in part and DENIED in part as follows:

- Coltrain's discrimination, negligent infliction of emotional distress, and negligent hiring, retention, and supervision claims are dismissed;
- Coltrain's retaliation claims remain against both Defendants.

Dated: April 10, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**